```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JOSE R. LACEN,

                        Plaintiff,

           -against-

EMTC CAPTAIN AYGEMONG (CLINIC CAPTAIN);
JANET RUNCIE RPA C-76 CLINIC; ACHIM
HUGGINS M.D. C-76 CLINIC; DAVID ONUORA P.A.;
SAI KOLLA, M.D.,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/22/2021___

19 Civ. 5097 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Jose R. Lacen, brings this action under 42 U.S.C. § 1983[1] against Defendants, Captain Agyemang,[2] Janet Runcie, P.A., Achim Huggins, M.D., David Onuora, P.A., and Sai Kolla, M.D., alleging that he was subjected to unconstitutional conditions of confinement and inadequate medical care, because he was denied a thicker mattress. *See* SAC, ECF No. 56; Def. Mem. at 1, ECF No. 62. On July 15, 2021, this Court issued an order granting Defendants' motion to dismiss the complaint, and granting Plaintiff leave to file a second amended complaint. *Lacen v. Aygemong*, No. 19 Civ. 5097, 2020 WL 4003482, at *1 (S.D.N.Y. July 15, 2020). Now before the Court is Defendants' motion to dismiss the second amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Def. Mot., ECF No. 61. For the reasons stated below, the motion is GRANTED.

---

[1] Although the complaint does not reference § 1983 explicitly, upon review of the complaint and in light of Plaintiff's *pro se* status, the Court construes the complaint to allege a claim under § 1983. *See Portillo v. City of New York*, No. 17 Civ. 6675, 2020 WL 2836435, at *4 (S.D.N.Y. June 1, 2020).

[2] Capt. Agyemang is sued as "Aygemong." *See* Def. Mot. at 1 n.1, ECF No. 61. Neither party specifies Capt. Agyemang's first name. *See generally* SAC; Def. Mot.; Def. Mem.

## BACKGROUND

The following facts are taken from the second amended complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

On March of 2018, Plaintiff was serving a one-year sentence at the Eric M. Taylor Center ("EMTC") on Rikers Island. SAC at 1;[3] *see also* Def. Mem. at 2. Upon admission, Plaintiff had informed medical staff of a spinal surgery that he had in 2017. SAC at 1. He asked whether he could have a permit for an additional mattress, but was told the request was a sick call issue. *Id.* On April 8, 2018, Plaintiff went to sick call, reporting pain to his lower back due to his mattress and requesting that he be provided either an extra mattress or a thicker mattress. *Id.* at 2. Plaintiff also spoke with Capt. Agyemang, who was assigned to the EMTC clinic, about requesting a thicker mattress, and Capt. Agyemang stated that as long as Plaintiff was in EMTC housing unit 9M, Plaintiff would not be provided another mattress. *Id.* Capt. Agyemang advised Plaintiff to ask for a doctor's note for extra blankets. *Id.* On April 8, 2018, Plaintiff reported back to sick call and met with P.A. Janet Runcie. *Id*. P.A. Runcie prescribed Plaintiff Meloxicam and ordered an x-ray of his lower back. *Id*. Soon after the x-ray was taken, Plaintiff was evaluated by Achim Higgins, M.D., who informed Plaintiff that it showed moderate degenerative arthritis. *Id*. Dr. Higgins told Plaintiff to continue taking Meloxicam and gave him a permit for extra blankets. *Id*. On July 12, 2018, Plaintiff was seen by Sai Kolla, M.D., a neurologist. *Id*. Dr. Kolla explained that, because he had not yet reviewed the medical records regarding Plaintiff's prior operations, he could not issue Plaintiff a permit for a special mattress. *Id.* At this appointment, Dr. Kolla had Plaintiff sign a form consenting to the release of his

---

[3] The Court refers to the ECF page numbers.

medical records, and scheduled Plaintiff for an appointment three months later. *Id*. P.A. David Onuora told Plaintiff that "medical does not issue permits" and that Plaintiff needed to follow up with the DOC. *Id*.

An individual named David told Plaintiff that the facility was unable to obtain his medical records concerning his prior operations. *Id*. at 3. Later, Plaintiff's family member got the medical records and provided Plaintiff with a copy, which he attempted to deliver to Dr. Higgins. *Id*. Dr. Higgins refused to accept them because they had not been obtained by his office. *Id*.

Plaintiff claims that his back condition worsened, requiring him to use a cane and special sneakers to ease the discomfort in his back. *Id.*

On May 22, 2019, Plaintiff initiated this action, alleging that Defendants subjected him to unconstitutional conditions of confinement and provided inadequate medical care by failing to provide a thicker mattress. ECF No. 2.

## DISCUSSION

I. <u>Legal Standard</u>

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quotation marks omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions, and a formulaic recitation of the elements of a

3

cause of action will not do." *Twombly*, 550 U.S. at 555.  Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id*.  A court must "accept[] the factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

A court will "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted).  But a *pro se* complaint "must still plead sufficient facts to state a claim to relief that is plausible on its face." *Wilder v. United States Dep't of Veterans Affairs*, 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016) (quoting *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quotation marks omitted)).

In evaluating Defendants' motion to dismiss, a court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Sarafianos v. Shandong Tada Auto-Parking Co.*, No. 13 Civ. 3895, 2014 WL 3057948, at *1 (S.D.N.Y. July 7, 2014).  The Court, therefore, considers the medical records attached to the complaint.

II.   Analysis

To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived the plaintiff of federal statutory or constitutional rights.  *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).  Liberally construed, Plaintiff asserts two constitutional claims: (1) that the conditions of his confinement were unconstitutional because of the inadequate mattress provided to him, SAC at 2–3, and (2) that Defendants provided inadequate medical care by depriving him of "medical care" in the form of a thicker mattress.  *Id.* at 3.  The Court addresses

4

each claim in turn.

      A.  Conditions of Confinement

"The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991) (citation omitted). The Eighth Amendment requires that prison officials take "reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996); *see also Gilmore v. Rivera*, No. 13 Civ. 6955, 2014 WL 1998227 at *2 (S.D.N.Y. May 14, 2014) ("Prison officials may neither deprive a prisoner of 'basic human needs, *e.g.*, food, clothing, shelter, medical care, and reasonable safety,' nor expose an inmate to conditions that 'pose an unreasonable risk of serious damage to his future health.'" (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993))).

To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, a plaintiff "must show (1) that the deprivation alleged is 'objectively sufficiently serious' such that the plaintiff was denied 'the minimal civilized measure of life's necessities,' and (2) that the defendant official possessed a 'sufficiently culpable state of mind.'" *Trammell v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1970); *see also Howard v. Brown*, No. 15 Civ. 9930, 2018 WL 3611986, at *4 (S.D.N.Y. July 26, 2018). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 302–03).

Specifically, for complaints concerning an inadequate mattress, a plaintiff must allege that: "(1) he had a medical condition requiring a non-standard bed to protect against serious damage to his future health; (2) he made his condition known to the prison officials; (3) he

5

requested a non-standard bed to accommodate the condition; and (4) his request was denied by an official who knew of and disregarded an excessive risk to the plaintiff's health or safety." *Santiago v. Comm'r of New York City Corr. Joseph Ponte*, No. 14 Civ. 6473, 2016 WL 680823, at *2 (S.D.N.Y. Feb. 18, 2016), *report and recommendation adopted sub nom. Santiago v. Ponte*, No. 14 Civ. 6473, 2016 WL 4051861 (S.D.N.Y. July 26, 2016).

The Court has already held that Plaintiff has "plausibly link[ed] the exacerbation of his ailments to the . . . mattress." *Lancen*, 2020 WL 4003482, at *3; *see also Daly v. New York City*, No. 16 Civ. 6521, 2017 WL 2364360, at *3 (S.D.N.Y. May 30, 2017), *report and recommendation adopted sub nom. Daly v. City of New York*, No. 16 Civ. 6521, 2017 WL 2963502 (S.D.N.Y. July 11, 2017).

Nevertheless, Plaintiff's second amended complaint suffers from the same deficiencies as his prior complaint because he does not allege that his request for a different mattress was denied by an official who acted with deliberate indifference. As this Court has already recounted, Plaintiff's medical records show that he was seen regularly by medical staff, and that Defendants took various steps to address Plaintiff's back pain. *Lacen*, 2020 WL 4003482, at *3–4. Plaintiff went to the clinic six times over approximately seven weeks, where he was prescribed medication, provided an x-ray, given a referral to a neurologist and a referral for physical therapy, provided an extra blanket, cane, and special shoes, and informed that medical staff lacked the authority to provide him with a different mattress. *Id*.; SAC at 3. These actions do not evince deliberate indifference.

Accordingly, Plaintiff's conditions of confinement claim is DISMISSED.

B. Inadequate Medical Care

When a plaintiff serving a sentence alleges the failure to provide adequate medical care,

courts must first inquire (1) "whether the prisoner was actually deprived of adequate medical care" and (2) whether the purported deprivation was "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006).  Additionally, as with a conditions of confinement claim, a plaintiff must also allege that the defendant had a "sufficiently culpable state of mind." *Id.* at 280.  "This mental state requires that the charged official act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm [would] result." *Id.*

For the reasons stated in the Court's analysis of the conditions of confinement claim, Plaintiff has not adequately alleged Defendants' deliberate indifference.  Plaintiff was seen regularly for his back pain by physicians and physician assistants, was prescribed medication, and was offered physical therapy. *See generally* SAC at 3; *Lacen*, 2020 WL 4003482, at *2.  And, as this Court already noted, even though Plaintiff believes that the treatment he received was an insufficient substitute for the relief he sought—a replacement mattress—"[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Accordingly, Plaintiff's claim of inadequate medical care is DISMISSED.

### C.  Municipal Liability

Plaintiff fails to plead the existence of a municipal policy or custom pursuant to which Defendants allegedly acted, or that such a policy or custom caused a violation of the Plaintiff's constitutional rights, as required by *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  Thus, Plaintiff has not established a claim against Defendants in their official capacities.

Accordingly, Plaintiff's claims against Defendants in their official capacities are DISMISSED.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 61 and to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: July 22, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge