```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

JOSE R. LACEN,

              Plaintiff,

-against-

CLINIC CAPTAIN AYGEMONG; R.P.A. JANET RUNCIE, C-76 CLINIC; M.D. ACHIM HUGGINS, C-76 CLINIC; P.A. DAVID ONUORA; M.D. SAI KOLLA,

              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/2/2023_
```

19 Civ. 5097 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On December 19, 2022, Defendants Sai Kolla and Janet Runcie file a motion for relief from judgment pursuant to Rule 60(b)(5). ECF No. 87. Plaintiff did not file a response.

    Defendants move for relief pursuant to Federal Rule of Civil Procedure 60(b)(5), which provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment [or] order . . . [if] the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Rule 60(b) "allows extraordinary judicial relief," *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citation omitted), "is generally . . . [dis]favored[,] and is properly granted only upon a showing of exceptional circumstances," *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Rule 60(b) motions are left to the discretion of the district court. *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991).

    Defendants contend that they have satisfied the judgment. On May 21, 2021, the City of New York, on behalf of Defendants, issued and mailed a check to the U.S. Marshals Service ("USMS") in the amount of $202.96, in order to satisfy the Court's March 29, 2021 order directing Defendants to pay the costs of service of process upon them by the Marshals, ECF No. 72. ECF No. 88 ¶¶ 6–9. On May 28, 2021, Defendants' counsel spoke to a staff member in the Civil Section of the USMS in the Southern District of New York who confirmed receipt of the check. *Id.* ¶ 10. Months later, City records indicated that the check remained uncashed. *Id.* ¶ 11. Counsel contacted the USMS on September 21 and 27, 2021; January 14 and 18, 2022; and March 16, 2022. *Id.* ¶¶ 12–14. A USMS deputy responded on March 17, 2022, and stated that he would inquire about the status of the check. *Id.* ¶¶ 14–15. Counsel did not hear back from the deputy, so he contacted the New York City Law Department (the "City") to inquire about the status of the check. *Id.* ¶¶ 16–17. The check had been placed into stop-pay status because it had not been cashed. *Id.* ¶ 17. Counsel requested a new check be issued. *Id.* ¶ 18. A second check was issued on May 23, 2022. *Id.* ¶ 19. Counsel contacted a USMS deputy on August 8, 10, and 16, and September 12, 2022, to ask whether he could deliver the second check to a USMS staff member, but did not receive a response. *Id.* ¶¶ 20–21. On September 20, 2022, a City staff member delivered the second check to 500 Pearl Street, New York, NY 10007, directed to the attention of

2

the Civil Section of the USMS in Suite 400.  *Id.* ¶¶ 22–23.  On December 7, 2022, Defendants' counsel contacted the City to determine the status of the second check, which remained undeposited.  *Id.* ¶¶ 24–25.  The second check was placed in stop-pay status six months after being issued.  *Id.* ¶ 25.

The Court finds that Defendants have satisfied the judgment.  Defendants tendered payment, and payments was received by the appropriate entity on two separate occasions.  Defendants have, therefore, satisfied their burden to pay the judgment.  That the judgment creditor has not cashed the check is beyond Defendants' control.

The Clerk of Court is directed to enter a satisfaction of the March 30, 2021 judgment, ECF No. 73.

SO ORDERED.

Dated: February 2, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge